JUDGE CASTEL

14 CV 7223

RECEIVED SEP 08 2014 U.S.D.C. S.D.N.Y. CASHIERS

MICHAEL J. REDENBURG, ESQ. PC
Michael Redenburg, Esq. (NY #MR4662)
150 Broadway, Suite 808
New York, NY 10038
Telephone: (212) 240-9465
Facsimile: (917) 591-1667

### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RAYMOND PICHARDO,<br><br>           Plaintiff,<br><br>v.<br><br>THE CITY OF NEW YORK, NYPD Officers JOHN AND JANE DOES 1 THROUGH 10, individually and in their official capacities (the names John Doe being fictitious, as the true names are presently unknown).<br><br>           Defendants. | Complaint<br><br>JURY TRIAL DEMANDED<br><br>Civ. No.: |

## PRELIMINARY STATEMENT

1. Plaintiff brings this civil rights action against the City of New York and NYPD members JOHN AND JANE DOES 1 THROUGH 10, alleging that defendants violated his rights under 42 U.S.C. § 1983, the Fourth, Fifth and Fourteenth Amendments to the United States Constitution by falsely arresting him, and for the NYPD Officers JOHN AND JANE DOES failure to intervene and prevent such conduct. Plaintiff seeks compensatory and punitive damages, attorney's fees and costs and such other and further relief as the Court deems just and proper.

1

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§1983 and 1988, and the Fourth, Fifth & Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §1331 and §1343.

3. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §1391 (b) and (c) because a substantial part of the events giving rise to Plaintiff's claims occurred in this District and because some or all of the defendants reside in this District.

## DEMAND FOR A JURY TRIAL

4. Pursuant to Fed. R. Civ. P. 38, Plaintiff demands a trial by jury in this action.

## PARTIES

5. Plaintiff Raymond Pichardo ("Plaintiff" or "Mr. Pichardo") is a 24 year old man with no criminal record; and Plaintiff is a resident of Bronx County in the City and State of New York.

6. The City of New York is a municipal corporation organized under the laws of the State of New York.

7. NYPD Officers JOHN AND JANE DOES 1 THROUGH 10 are members of the NYPD who were involved in the arrest of Plaintiff on August 7, 2014. Defendant NYPD Officers JOHN AND JANE DOES 1 THROUGH 10 are sued in their individual and official capacities.

## STATEMENT OF FACTS

8. On August 7, 2014, and at about 10:40 AM, Plaintiff was in the front passenger seat of his co-workers automobile and Plaintiff's younger brother was in the back seat of said automobile.

9. All of the automobile occupants as outlined in ¶8 above were wearing their seatbelts and never committed any crimes or violations.

10. At or near Grand Concourse and 188th Street, Plaintiff notice a marked NYPD vehicle and the police vehicle started to follow them.

11. Next, the marked NYPD vehicle signaled for the vehicle that Plaintiff was a passenger in to pull over, which they did.

12. NYPD Officer Jane Doe #1 approached the passenger side of the vehicle and demanded Plaintiff's identification.

13. NYPD Officer Jane Doe #1 then yanked the passenger side door of the automobile open and demanded Plaintiff's identification a second time as Plaintiff was looking for it in his wallet.

14. Next, NYPD Officer Jane Doe #1 pulled out a set of handcuffs and threatened to "lock [Plaintiff] up" and proceeded to take Plaintiff's seat belt off of Plaintiff.

15. Alarmed and scared, Plaintiff asked NYPD Officer Jane Doe #1 to call another officer so that another officer could be there to witness the wrongful conduct as against Plaintiff. NYPD Officer Jane Doe #1, however, refused Plaintiff's request and instead handcuffed Plaintiff.

16. Now NYPD Officer Jane Doe #1 called another NYPD Officer who arrived on the scene and arrested Plaintiff's brother who had been in the back seat of the automobile.

17. Plaintiff was transported to the 46th Precinct where he was fingerprinted, photographed and processed.

18. After spending approximately seven (7) hours at the precinct, Plaintiff was transported to Central Booking for arraignment.

19. After spending approximately 23 hours at Central Booking, Plaintiff appeared before a Criminal Court Judge where he learned that he had been charged with two counts of resisting arrest.

20. At his Criminal Court Arraignment, the matter was adjourned in contemplation of dismissal.

21. As a result of the defendants' actions, Plaintiff suffered an unlawful detention, loss of liberty, emotional distress, fear, anxiety, humiliation, embarrassment, degradation and damage to his reputation - all to his detriment.

## FIRST CLAIM
### *Unlawful Stop and Search*

22. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

23. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched Plaintiff without reasonable suspicion.

24. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein before alleged.

25. As a result of the foregoing, Plaintiff suffered an unlawful detention, loss of liberty, emotional distress, fear, anxiety, humiliation, embarrassment, degradation and damage to his reputation - all to his detriment.

## SECOND CLAIM
### *False Arrest*

26. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

27. Defendants violated the Fourth and Fourteenth Amendments because they arrested Plaintiff without probable cause.

28. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### THIRD CLAIM
*Failure to Intervene*

29. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

30. Defendants JOHN AND JANE DOES 1-10 were present and had an opportunity to prevent such conduct and had a duty to intervene and prevent such conduct- but consciously failed and refused to intervene.

31. Accordingly, Defendant JOHN AND JANE DOES 1-10, who failed to intervene violated the Fourth, Fifth and Fourteenth Amendments.

32. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### FOURTH CLAIM
*§1983 FABRICATION OF EVIDENCE*

33. Plaintiff repeats and realleges each and every allegation as if more fully set forth herein.

34. Defendants JOHN AND JANE DOES 1-10 created false evidence against Plaintiff and forwarded such false evidence to the Bronx County District Attorney's Office.

35. In creating such false evidence, Defendants JOHN AND JANE DOES 1-10 violated Plaintiff's constitutional right to a fair trial.

36. The aforesaid conduct by defendants violated Plaintiff's rights under 42 U.S.C. §1983 and the Fifth and Fourteenth Amendments to the United States Constitution.

37. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages alleged herein.

### FIFTH CLAIM
### *MONELL CLAIM*

38. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

39. The City of New York is a "person" within the meaning of 42 U.S.C. §1983.

40. The acts complained of were carried out by the aforementioned defendants in their capacities as police officers and officials pursuant to customs, policies, usages, practices, procedures and rules of the City and NYPD, all under the supervision of ranking officers of the NYPD.

41. The aforementioned customs, practices, procedures and rules of the City and NYPD include, but are not limited to: 1) arresting persons known to be innocent in order to meet "productivity goals;" 2) falsely swearing out criminal complaints and/or lying and committing perjury during sworn testimony to protect other officers and meet "productivity goals;" 3) failing to supervise, train, instruct and discipline police officers thereby encouraging their misconduct and exhibiting deliberate indifference toward the constitutional rights of persons within the officers' jurisdiction; 4) discouraging police officers from reporting the corrupt or unlawful acts of other officers; 5) retaliating against officers who report police misconduct; and 6) failing to intervene to prevent the above-mentioned practices when they reasonably could have been prevented with proper supervision.